**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDY JAVIER LOPEZ-ABELLO,** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-6752** |
| **JAMAL L. JAMISON,** ***et al.*** | : | |

**MEMORANDUM OPINION**

**Henry, J.** **October 5, 2026**

This case is before the Court on Andy Javier Lopez-Abello's Amended Petition for Writ of Habeas Corpus (ECF No. 6). Lopez-Abello challenges his current detention by Respondents at the Philadelphia Federal Detention Center after being arrested by ICE. Because I hold that Lopez-Abello's detention violates due process, I will grant the writ and order his immediate release.

## I. BACKGROUND

Lopez-Abello, a native of Venezuela, entered the United States via the Mexico/California border with his wife and child on September 26, 2022. Pet. ¶ 7. He encountered and was detained by U.S. Customs and Border Protection, who interviewed him to review his potential asylum claim and determine whether he presented a security risk. *Id.* Lopez-Abello was granted permission to lawfully enter the United States on a temporary basis and was given humanitarian parole under 8 U.S.C. § 1182(d)(5) while he applied for asylum. *Id.* ¶ 8. Plaintiff submitted a timely asylum application with United States Citizenship and Immigration Services, which is still pending. *Id.* ¶ 9. He also received work authorization. *Id.*

On September 8, 2026, ICE arrested Lopez-Abello at a regularly scheduled check-in. *Id.* ¶ 10. He was detained without explanation and was the only one of his family detained. *Id.* The

Form I-213 submitted in connection with Lopez-Abello's detention stated that he "is subject to President Donald Trump's Executive Order, titled 'Protecting the American People Against Invasion.'" *Id.* ¶ 12. It further states that he was served with a warrant of arrest "due to available bed space." *Id.* The Form states that he has no previous criminal record nor does he have any outstanding warrants. *Id.*

## II. DISCUSSION

Lopez-Abello argues that his detention violates due process because he was not subject to an individualized custody determination. *Id.* ¶ 32. Lopez-Abello cites *Vieira Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026), in which the Court held that due process required ICE to exercise its 8 U.S.C. § 1226(a) discretion through "an individualized determination as to . . . whether the noncitizen is a 'danger to property or persons' and is 'likely to appear for any future proceeding.'" *Id.* ¶ 33. The Court held that the record did not reflect an individualized assessment where ICE did not provide "a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis*, 2026 WL 1746649, at *4. Lopez-Abello argues that the same defects as in *Dos Reis* and several following cases are present here, where the reason for his detention was his being subject to an executive order and available bed space.

Respondents acknowledge that many judges in this District have found detention under § 1226(a) to be unlawful where ICE does not demonstrate that it conducted an "individualized custody review," but contend that such decisions read ICE's discretionary authority out of § 1226(a) and read into that section a requirement of dangerousness or a flight risk. Opp. at 7-8.

Further, Respondents argue, ICE did conduct an individualized review of Petitioner's case when it determined that he was present in the United States without lawful status.

I agree with many of my colleagues that detention without an individualized custody review violates due process, and that a determination of an individual's presence in the United States without lawful status is insufficient to meet that threshold. *See Dos Reis v. McShane*, No. 26-cv-3775, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) ("Reliance on status alone amounts to 'a per se determination' that 'comports not with 1226(a), but with [the Government's] desired policy of detention.'"); *Dzehtisarou v. Mullin*, No. 26-cv-5060, 2026 WL 2211392, at *5 (E.D. Pa. July 31, 2026) ("Given the government's failure to provide reasoning based on an individualized determination, 'the facts clearly demonstrate that [Petitioner] was entitled to more process than he received pursuant to § 1226(a) and its implementing regulations.'"). Here, it cannot be said that there was an individualized custody determination where Petitioner's Form I-218 acknowledges that he was subject to arrest merely due to "available bed space," especially because he has no criminal history and there is no evidence that he was dangerous or a flight risk. Petitioner's current detention thus violates his due process rights.

Respondents further argue that Lopez-Abello was required to exhaust administrative remedies—in the form of completing a bond hearing and subsequent appeal to the BIA, if necessary—before filing his habeas petition with the Court. Opp. at 6. Administrative exhaustion for Section 2241 habeas petitioners is prudential, and courts may excuse exhaustion "if 'administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury.'" *Dos Reis*, 2026 WL 1746649, at *3 (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)). I again agree with many of my colleagues that

administrative exhaustion is not required where, as here, "[a] later bond hearing [would] not necessarily cure the alleged constitutional violation that preceded it." *Id.*[1]

## III. CONCLUSION

Lopez Abello is being detained unconstitutionally, and as such, his Petition is granted and his immediate release is ordered.

[1] Lopez-Abello further raises in his reply brief that the warrant for his arrest, attached as Exhibit A to Respondent's opposition brief, is unsigned, which is another reason his detention is unlawful. I agree—"[w]ithout a signature and valid warrant, ICE had no authority to arrest or detain Petitioner." *Hernandez v. Blanche*, 26-cv-6195, 2026 WL 2569475, at *3 (E.D. Pa. Aug. 31, 2026).